In the Matter of the Transfer Tax upon the Estate of JAMES V. PARKER, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; J. HARLESTON PARKER, as Executor, etc., Respondent.

First Department, December 6, 1918.

**Tax — transfer tax — assessment of contingent remainder — when amount of contingent legacy should not be added to residuary estate for purpose of assessment.**

Where a residuary legatee under a will may or may not become ultimately interested in a contingent bequest the amount of said contingent bequest should not, for the purpose of assessment, be added to the amount of the residuary estate.

A transfer tax appraiser may add together two or more legacies passing under a will to a person whose rights as to each are presently ascertainable in order to arrive at the entire value of said person's interest in the estate.

But where it is impossible to say what person will finally take a contingent remainder such interest cannot be added to any other legacy for the purpose of taxation and must be independently assessed against the executor or trustee.

SMITH, J., dissented.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 30th day of July, 1918, affirming an order fixing and assessing the transfer tax herein.

*Schuyler C. Carlton* of counsel [*Lafayette B. Gleason*, attorney], for the appellant.

*Perry D. Trafford* of counsel [*Miller, King, Lane & Trafford*, attorneys], for the respondent.

MERRELL, J.:

The decedent died, a resident of the State of New York, on January 11, 1917. The Comptroller criticises the order of the surrogate assessing the tax, upon the ground that the amount of a certain contingent legacy contained in decedent's will should, for the purpose of assessment under the Taxable Transfer Act, be added to the amount of the residuary estate which passed under the will to J. Harleston Parker, a nephew of testator. The property in question passed under paragraphs 12 and 13 of decedent's will. The 13th paragraph was the residuary clause, under which all of decedent's residuary estate passed to his said nephew. Such residuary estate, as found by the appraiser, amounted to the sum of $455,941.86. Under paragraph 12 of decedent's will a trust was created, said John Harleston Parker being the trustee named, who was therein directed to hold and invest certain property for the benefit of Edith Stackpole Parker, the wife of said trustee, during her life. Upon her death the will provided that the trust estate should be divided into as many shares as there were children of Edith Stackpole Parker living at the time of her death and of her children who might have theretofore died leaving issue them surviving. Each of said shares was to be held in trust for the benefit of said respective beneficiaries during the lifetime of said children and surviving descendants, such children having the right to dispose of said respective trust estates by will; in default of such appointment, said respective shares to pass to the heirs at law of such children absolutely in fee simple, free and clear of any trust. Edith Stackpole Parker survived the testator and has three children. In case all of

these children die without exercising the power of appointment contained in decedent's will and not leaving any heirs at law the remainder would pass finally under the will to the residuary legatee, John Harleston Parker. The interest of said Edith Stackpole Parker in said trust was assessed at the value of $351,475, and the remainder, after such assessment of her life estate, was assessed at the sum of $143,890, and was taxed against the trustee for the benefit of persons of the five per cent class.

It is the contention of the appellant that as John Harleston Parker *might* upon the happening of the contingencies above mentioned take this sum at some future time, the sum of $143,890 should, for the purpose of taxation, be added to the sum of $455,941.86, which was his aforesaid interest as residuary legatee. If the Comptroller is correct in his contention, the tax under the graduated scale against John Harleston Parker would be $11,411.20 instead of $8,822, as fixed in the order of the surrogate here under review. The contention of the Comptroller is based upon the provisions of section 230 of the Tax Law relating to the rate at which estates dependent upon contingencies or conditions are taxable, and which provides that the tax shall be " at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible." Prior to 1899 future contingent estates were not taxed until they vested in possession. In that year, however, chapter 76 of the Laws of 1899 went into effect, and provided as follows: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer *at the highest rate* which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith, *out of the property transferred.*" (See Tax Law [Gen. Laws, chap. 24; Laws of 1896, chap. 908], § 230, as amd. by Laws of 1897, chap. 284, and Laws of 1899, chap. 76.)

This section was amended in 1900 (Laws of 1900, chap. 658) by adding to the last clause the words " *by the executors or*

*trustees*," as follows: " Such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred." This provision continued in the section through various amendments (Laws of 1901, chaps. 173, 493; Laws of 1902, chap. 496; Laws of 1904, chap. 758; Laws of 1905, chap. 368) until it was re-enacted in section 230 of the present Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], § 230, as amd. by Laws of 1911, chap. 800, and Laws of 1916, chap. 550.)

The Tax Law, therefore, provides a specific way of taxing contingent remainders, and provides that such taxes shall be assessed against the executors or trustees *and be paid by them* out of the fund or property transferred. In respect to legacies which are not contingent, the tax is assessed against the individual legatees, who are made personally liable therefor. (See Tax Law, § 224.)

The respondent urges that the residuary bequest to John Harleston Parker is independent, for the purpose of taxation, of the contingent bequest in which he might or might not ultimately become interested. Beyond question there are numerous persons interested in this contingent bequest other than John Harleston Parker, and it is extremely doubtful if Parker ever has or takes any part of the remainder of the trust estate. I think the respondent is sound in his position.

If the Comptroller were correct, the entire present value of such remainder should be added to the sum taken by John Harleston Parker under the residuary clause and then taxed as though he were in fact the person who was finally to receive this contingent remainder. All transfer taxes are, of course, levied on property passing from a deceased person upon his decease to another person. The Comptroller is practically asking the court to hold that, for the purpose of taxation, John Harleston Parker is the person to whom this remainder will pass. Such a holding would be equivalent to saying that for the purpose of taxation there is no such thing as a contingent remainder, and that in all contingent gifts the property, for the purpose of taxation, may be deemed to pass only to such person or persons as would render the estate liable to pay the highest possible tax. The law expressly provides that the tax upon contingent remainders shall be paid by

the executors or trustees from the property passing. Such a contingent bequest is independent and should be taxed without being added to the shares of any person who may be interested finally in the remainder.

*Matter of Ogden* (103 Misc. Rep. 529) involves a situation almost identical with the one in the case at bar. The learned surrogate in that case said: " When the transfer is taxed against a person who receives the property, the rate of taxation is determined by his relationship to the decedent, but the particular grade in that rate at which the property is to be taxed is dependent upon the value of the property transferred. When the transfer is taxed against the executors because of the appraiser's inability to determine the persons who will ultimately take, it should be taxed at the highest of the rates prescribed by statute, but *not in a grade determined by adding it to the value of some other legacy* as if it actually passed to some particular legatee."

There is no question in respect to the right of an appraiser to add together two or more legacies passing under a will to a person whose rights as to each are presently ascertainable in order to arrive at the entire value of said person's interest in the estate. As, however, it is impossible to say what person will finally take a contingent remainder, such interest cannot be added to any other legacy for the purpose of taxation, and must be independently assessed against the executor or trustee. If the residuary interest of Parker is added to the interest of the contingent remaindermen and the sum total assessed as his interest, as asked by the Comptroller, Parker would be asked to pay a large sum of money on property which he probably never will receive — manifestly an unreasonable thing to require of him. The entire assessment would then be against him, and there would be no way of paying from the corpus of the trust estate, as the payment of such tax would be in the first instance his personal obligation. While it might be possible for the executors to pay the tax and apportion the amount of it between the residuary bequest and the trust, still that is not the theory of the law, and the executors in such case would clearly not be entitled to pay any portion of it from the corpus of the trust fund, for the reason that the whole interest would be thus taxed

as though the property had passed from the decedent to J. Harleston Parker. There is nothing in the Tax Law which would warrant any such assessment.

The order of the surrogate should be affirmed, with costs.

CLARKE, P. J., DOWLING and SHEARN, JJ., concurred; SMITH, J., dissented.

Order affirmed, with costs.